1  ELIZABETH L. MCKEEN (S.B. #216690)
2  DANIELLE N. OAKLEY (S.B. #246295)
   ASHLEY M. PAVEL (S.B. #267514)
   O'MELVENY & MYERS LLP
3  610 Newport Center Drive, 17th Floor
   Newport Beach, California  92660-6429
4  Telephone:   (949) 823-6900
   Facsimile:   (949) 823-6994
5
   Attorneys for Defendant
6  ONEWEST BANK, FSB
7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  ANGELICA CHAVEZ,                    Case No. 3:14-cv-00292-MMA-WVG

12              Plaintiff,              **MEMORANDUM OF POINTS
                                        AND AUTHORITIES IN**
13       v.                            **SUPPORT OF DEFENDANT
                                        ONEWEST BANK, FSB'S**
14  INDYMAC MORTGAGE SERVICES,         **MOTION TO DISMISS
    a Division of ONEWEST BANK, FSB;   PURSUANT TO FED. R. CIV. P.**
15  ONEWEST BANK, FSB; MTC             **12(b)(6), 9(b), AND 8**
    FINANCIAL INC, dba TRUSTEE
16  CORPS; TRUSTEE CORPS; SD
    COASTLINE TWO LP, herein named,
17  formerly known as DOE 1, and DOES 2
    through 100,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

                                       MEM. OF POINTS & AUTHORITIES IN
                                       SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ALLEGATIONS.................................. 1

ARGUMENT.......................................................................................... 7

    I.     PLAINTIFF'S CONTRACT-BASED CLAIMS SHOULD BE DISMISSED.................................................................................. 7

          A.    Plaintiff's Claims Are Barred By The Statute Of Frauds Because They Are Based Upon Unsigned Documents And Plaintiff Experienced No Detrimental Change In Position. ....................................................................................... 7

          B.    Plaintiff Alleges That She Received Precisely What She Contends She Was Promised: An Offer For A Permanent Modification Contingent Upon Her Qualification Under HAMP. .................................................................................. 11

    II.    PLAINTIFF'S ALLEGED INJURIES WERE NOT THE RESULT OF ANY CONDUCT BY ONEWEST. ............................. 13

    III.   PLAINTIFF'S STATUTORY AND TORT-BASED CLAIMS REQUIRE DISMISSAL FOR INDEPENDENT LEGAL REASONS. .............................................................................. 15

          A.    Plaintiff's Completed Foreclosure, Which Is Entitled To A Statutory Presumption Of Validity, Was Not Wrongful. ..... 15

          B.    The California Homeowner Bill Of Rights Does Not Apply Here. ..................................................................... 16

          C.    Plaintiff Cannot Maintain Her Fraud Or Negligent-Misrepresentation Claims Because The Complaint Does Not Allege Any Misrepresentation By OneWest. ................... 17

               1.    Plaintiff Has Not Pled Her Fraud-Based Claims With Particularity. ................................................... 17

               2.    Good-Faith Determinations That Mortgagors Do Not Qualify For HAMP Cannot Support Fraud Or Negligent-Misrepresentation Claims. ......................... 18

          D.    Plaintiff's Negligence Claim Must Be Dismissed Because OneWest Did Not Owe Her A Duty Of Care. ......................... 19

          E.    The Complaint Does Not Give OneWest Fair Notice Of The Basis Of Plaintiff's FDCPA And RFDCPA Claims, And OneWest Is Not A "Debt Collector" Subject To The FDCPA. .................................................................................. 20

          F.    OneWest Did Not Engage In Any Outrageous Conduct That Could Support An IIED Claim. ...................................... 22

          G.    Plaintiff Cannot Maintain A UCL Claim. ............................... 23

               1.    Plaintiff Has Not Lost Money Or Property As A Result Of Any Alleged Conduct By OneWest............... 23

               2.    Plaintiff Cannot Maintain A UCL "Unfair" Claim. ........ 24

1

**TABLE OF CONTENTS**
(continued)

2

3

**Page**

4

3.   Plaintiff Cannot Maintain A UCL "Unlawful"
Claim Because Her Predicate Claims Fail. ................... 25

5

CONCLUSION ............................................................................................. 25

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. JP Morgan Chase Bank, N.A.*,
2013 WL 6668792 (Cal. Ct. App. Dec. 18, 2013) ............................................. 24

*Arikat v. JP Morgan Chase & Co.*,
430 F. Supp. 2d 1013 (N.D. Cal. 2006) ............................................................. 23

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................ 5

*Banny v. OneWest Bank, FSB*,
2013 WL 796787 (S.D. Miss. Mar. 4, 2013) ..................................................... 21

*Bell Atl. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 5

*Carrasco v. HSBC Bank USA, N.A.*,
2012 WL 685523 (N.D. Cal. Mar. 2, 2012) ...................................................... 16

*Chavez v. IndyMac Mortg. Servs.*,
219 Cal. App. 4th 1052 (2013) ................................................................... passim

*Colony Cove Properties, LLC v. City of Carson*,
640 F.3d 948 (9th Cir. 2011) ............................................................................... 1

*Corvello v. Wells Fargo Bank, N.A.*,
728 F.3d 878 (9th Cir. 2013) ...................................................................... 11, 12

*Daniels v. ComUnity Lending, Inc.*,
2014 WL 51275 (S.D. Cal. Jan. 6, 2014) .......................................................... 21

*DeLuca v. CitiMortgage*,
--- F. App'x ---, 2013 WL 5585071 (3d Cir. Oct. 11, 2013) ............................. 11

*Deschaine v. IndyMac Mortg. Servs.*,
2013 WL 6054456 (E.D. Cal. Nov. 15, 2013) ............................................ passim

*Farasat v. Wells Fargo Bank, N.A.*,
913 F. Supp. 2d 197 (D. Md. 2012) ............................................................ 13, 19

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Farmers Ins. Exch. v. Super. Court*,
  2 Cal. 4th 377 (1992) ...................................... 25

*Ferchau v. CitiMortgage, Inc.*,
  2014 WL 27528 (N.D. Cal. Jan. 2, 2014) ......................... 18

*Gabriele v. Am. Home Mortg. Servicing, Inc.*,
  503 F. App'x 89 (2d Cir. 2012) ......................... 21

*Gilliland v. Chase Home Fin., LLC*,
  2014 WL 325318 (E.D. Cal. Jan 29, 2014) ........................... 16, 19, 25

*Graybill v. Wells Fargo Bank, N.A.*,
  953 F. Supp. 2d 1091 (N.D. Cal. Jun. 14, 2013) ................................ 11

*Hall v. Time, Inc.*,
  158 Cal. App. 4th 847 (2008) ................................ 23

*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal. App. 4th 497 (2013) ......................... 14, 23

*Jolley v. Chase Home Fin., LLC*,
  213 Cal. App. 4th 872 (2013) ................................ 20

*Kham v. Executive Trustee Servs., LLC*,
  2012 WL 967864 (E.D. Cal. Mar. 21, 2012) ...................... 16

*Khan v. CitiMortgage, Inc.*,
  --- F. Supp. 2d ---, 2013 WL 5486777 (E.D. Cal. Sept. 30, 2013) .................... 24

*Lalli v. Bank of Am., N.A.*,
  2014 WL 334810 (D. Nev. Jan. 29, 2014) ......................... 12

*Lesley v. Ocwen Fin. Corp.*,
  2013 WL 990668 (C.D. Cal. Mar. 13, 2013) .................................. 14, 22, 24, 25

*Lopez v. Bank of Am., N.A.*,
  2013 WL 4507763 (Cal. Ct. App. Aug. 22, 2013) ........................ 9, 15

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Lyshorn v. J.P. Morgan Chase Bank, N.A.*,
  2013 WL 5913773 (N.D. Cal. Nov. 1, 2013) ......................................... 15, 18, 24

*Maltbie v. Bank of Am.*,
  2013 WL 6078945 (W.D. Mich. Nov. 19, 2013) ................................................ 12

*Mobine v. OneWest Bank, FSB*,
  2012 WL 243351 (S.D. Cal. Jan. 24, 2012) ....................................................... 22

*Morgan v. Aurora Loan Servs., LLC*,
  2013 WL 5539392 (C.D. Cal. Oct. 7, 2013) .......................................... 15, 17, 25

*Morgan v. U.S. Bank Nat'l Ass'n*,
  2013 WL 684932 (N.D. Cal. Feb. 25, 2013) ...................................................... 20

*Mulville v. Wells Fargo Bank, N.A.*,
  2012 WL 5504777 (Cal. Ct. App. Nov. 14, 2012) ................................... 9, 20, 21

*Myers v. BAC Home Loans Servicing*,
  2013 WL 6231715 (D. Mont. Dec. 2, 2013) ...................................................... 21

*Neil v. Wells Fargo Bank, N.A.*,
  2013 WL 4782030 (E.D. Va. Sept. 4, 2013) ...................................................... 11

*Nugent v. Fed. Home Loan Mortg. Corp.*,
  2013 WL 1326425 (E.D. Cal. Mar. 29, 2013) .............................................. 13, 22

*Nungaray v. Litton Loan Servicing, LP*,
  200 Cal. App. 4th 1499 (2011) ........................................................................... 7

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
  231 Cal. App. 3d 1089 (1991) .......................................................................... 19

*Park v. Wells Fargo Bank Home Mortg.*,
  2012 WL 628615 (S.D. Cal. Feb. 24, 2012) ..................................................... 21

*Pennington v. HSBC Bank USA, N.A.*,
  493 F. App'x 548 (5th Cir. Oct. 3, 2012) ......................................................... 11

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Provencio v. Armor Holdings, Inc.*,
  2007 WL 2814650 (E.D. Cal. Sept. 25, 2007) .......................................................5

*Robles v. OneWest Bank, FSB*,
  2012 WL 5193966 (Cal. Ct. App. Oct. 22, 2012) ............................................17

*Rodela v. Guild Mortg. Co.*,
  2012 WL 169772 (E.D. Cal. Jan. 19, 2012) ......................................................16

*Rossberg v. Bank of Am., N.A.*,
  219 Cal. App. 4th 1481 (2013) .............................................................8, 9, 10, 14

*Rubio v. JPMorgan Chase Bank, N.A.*,
  2013 WL 6529325 (Cal. Ct. App. Dec. 13, 2013) ............................................19

*Samura v. Kaiser Found. Health Plan, Inc.*,
  17 Cal. App. 4th 1284 (1993) ...............................................................................24

*Secrest v. Security Nat'l Mortg. Loan Trust 2002-2*,
  167 Cal. App. 4th 544 (2008) ........................................................................7, 8, 9

*Serna v. Bank of Am., N.A.*,
  2012 WL 2030705 (C.D. Cal. Jun. 4, 2012) ......................................................24

*Sipe v. Countrywide Bank*,
  690 F. Supp. 2d 1141 (E.D. Cal. 2010) ..............................................................21

*Starr v. OneWest Bank*,
  2013 WL 5937004 (Cal. Ct. App. Nov. 6, 2013) .............................20, 22, 23, 24

*Ventimiglia v. Wells Fargo Bank, N.A.*,
  2013 WL 5719526 (E.D. Cal. Oct. 21, 2013) ....................................................19

*Wright v. Chase Home Fin., LLC*,
  2011 WL 4101513 (D. Ariz. Sept. 14, 2011) .....................................................12

*Zhang v. Super. Court*,
  57 Cal. 4th 364 (2013) ...........................................................................................23

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**STATUTES**

12 U.S.C. § 1461 ........................................................................................ 17

15 U.S.C. § 1692 .......................................................................................... 4

15 U.S.C. § 1692a ....................................................................................... 21

15 U.S.C. § 1692f ....................................................................................... 21

15 U.S.C. § 1692k ....................................................................................... 14

Cal. Bus. & Prof. Code § 17200 ................................................................. 4

Cal. Bus. & Prof. Code § 17203 ............................................................... 23

Cal. Bus. & Prof. Code § 17204 ............................................................... 23

Cal. Civ. Code § 1624 .................................................................................. 7

Cal. Civ. Code § 1788 .................................................................................. 4

Cal. Civ. Code § 1788.30 ........................................................................... 14

Cal. Civ. Code § 2922 .................................................................................. 7

Cal. Civ. Code § 2924 ................................................................................ 16

Cal. Civ. Code § 2924.11 .............................................................. 3, 6, 16, 17

Cal. Civ. Code § 2924.12 ........................................................................... 14

**RULES**

Fed. R. Civ. P. 8 ........................................................................................ 21

Fed. R. Civ. P. 9(b) ................................................................................. 6, 18

**REGULATIONS**

12 C.F.R. § 560.2(b)(10) .......................................................................... 17

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

### INTRODUCTION AND SUMMARY OF ALLEGATIONS

In this action, plaintiff challenges her loan servicer, OneWest Bank, FSB's ("OneWest") denial of her application for a loan modification under the Home Affordable Modification Program ("HAMP"). During the application process, OneWest explained that if it determined that plaintiff did not occupy the property as her principal residence, her loan would not be modified. This requirement was set forth in both of the written documents that plaintiff purportedly seeks to enforce in this action: (1) a HAMP Trial Period Plan ("TPP"), which expressly required that plaintiff occupy the property as her principal residence (Compl. Ex. A, ¶¶1.B, 2.F.); and (2) a proposed Home Affordable Modification Agreement ("Modification Agreement"), which made clear that a permanent modification being offered was contingent upon OneWest's determination that plaintiff resided in the property (*see* Compl. Ex. B, ¶2A). While she had acknowledged that her loan would not be modified under these circumstances, plaintiff now brings twelve causes of action, each of which  essentially asserts that OneWest owed her a HAMP modification. As plaintiff concedes in her complaint, OneWest determined that plaintiff did not occupy the secured property as her principal residence, as is required under HAMP guidelines. Plaintiff's claims have been twice dismissed, and they should be dismissed for a third and final time now.

***Plaintiff's Default And Loan Modification Application***[1]

Plaintiff defaulted on her mortgage loan in or around June 2009 as a result of a reduction in her income. (Compl. ¶14.) Thereafter, as authorized by her deed of trust, plaintiff's loan balance was accelerated, making her entire loan balance

---

[1] OneWest does not admit the factual allegations in the complaint, but recites them here to the extent they must be accepted as true for purposes of this motion to dismiss. This Court is not required, however, to accept as true any legal conclusions or any conclusory allegations contradicted by documents attached to the complaint. *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).

immediately due and payable.  (Decl. of Danielle N. Oakley in Support of Request for Judicial Notice ("Oakley Decl."), Ex. 1 (Deed of Trust) at ¶19.)  A nonjudicial foreclosure proceeding was initiated against the property with the recording of a notice of default on November 3, 2009.  (Compl. ¶38.)  A notice of sale advertising a sale date of March 2, 2010 was recorded thereafter.  (Compl. ¶38, Ex. F.)

OneWest sent plaintiff a HAMP TPP, which plaintiff executed and returned to OneWest on January 16, 2010.  (Compl. ¶¶16, 20, Ex. A.)  A TPP is a trial plan designed to afford mortgagors with instant payment relief while their applications for permanent loan modifications can be received and evaluated.  The TPP required plaintiff to represent that she occupied the property as her principal residence.  (Compl. Ex. A at 1.)  The truth of that representation was an express condition precedent to any modification.  (*Id.*)  Additionally, by its terms, the TPP would not take effect unless OneWest delivered a countersigned copy to plaintiff, which never occurred.  (*Id.*)

On May 19, 2010, OneWest sent plaintiff a proposed Modification Agreement for her review, which she signed and returned to OneWest on June 22, 2010.  (Compl. ¶¶23-24.)  The Modification Agreement stated that it would not take effect unless OneWest delivered a countersigned copy to plaintiff.  (Compl. Ex. B, ¶2.B.)  The Modification Agreement also advised that if *OneWest determined* that plaintiff's representation that she occupied the property as her principal residence was untrue, plaintiff's loan would not be modified.  (Compl. Ex. B ¶¶1.A., 2.A.)  Upon a review of the documentation available to it, OneWest determined that plaintiff's representation that she occupied the property as her principal residence was untrue, at which point plaintiff's HAMP application was denied.  (Compl. ¶36.)  Accordingly, OneWest never signed and returned the Modification Agreement.  (*See* Compl. Ex. B.)  Plaintiff's full loan balance, which had previously been accelerated, remained due and owing.

Thereafter, OneWest returned plaintiff's personal check in the amount of a

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1  HAMP trial payment.  (Compl. ¶29.)  The payment was returned because plaintiff's

2  deed of trust, which remained in full force and effect, required that any post-

3  acceleration payments be of an amount sufficient to reinstate the loan and be made

4  in certified funds.  (Compl. ¶29, Ex. E; Oakley Decl. Ex. 1, ¶19.)  The nonjudicial

5  foreclosure proceeding, which was underway before plaintiff applied for a

6  modification, was resumed, and the property was sold.  (Compl. ¶31.)

7  ***Procedural History***

8         Plaintiff filed her original complaint in state court on December 3, 2010,

9  asserting the same theories and many of the same causes of action she asserts here.

10  The state court twice sustained OneWest's demurrer to the complaint and entered

11  judgment in OneWest's favor on March 6, 2012.  Following an appeal by plaintiff,

12  on September 19, 2013, the California Court of Appeal ruled that under California's

13  liberal pleading standard, pursuant to which demurrer is inappropriate "[i]f the

14  complaint states any possible legal theory," plaintiff sufficiently alleged that

15  OneWest might be equitably estopped from enforcing the statute of frauds.  *Chavez*

16  *v. IndyMac Mortg. Servs.*, 219 Cal. App. 4th 1052, 1057, 1061 (2013).  Following

17  remittitur, plaintiff's Fourth Amended Complaint, which for the first time in this

18  action asserted a federal claim under the Fair Debt Collection Practices Act, was

19  deemed filed when her *ex parte* application for leave to amend was granted on

20  January 14, 2014.  OneWest timely removed the action to this Court on February 7,

21  2014.  (Dkt. No. 1.)

22  ***Plaintiff's Fourth Amended Complaint***

23         In her Fourth Amended Complaint, plaintiff asserts twelve causes of action

24  challenging OneWest's determination that she did not qualify for a HAMP

25  modification.  Specifically, plaintiff asserts claims for breach of contract, breach of

26  the implied covenant of good faith and fair dealing, promissory estoppel, wrongful

27  foreclosure, alleged violation of California Civil Code Section 2924.11, fraud,

28  negligent misrepresentation, negligence, alleged violation of the Fair Debt

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), alleged violation of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("RFDCPA"), intentional infliction of emotional distress ("IIED"), and alleged violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL").  Each of these claims should be dismissed.

Many of plaintiff's claims, including those for breach of contract, breach of the implied covenant, wrongful foreclosure, and promissory estoppel, purportedly seek to enforce the unsigned Modification Agreement and, to a lesser extent, the unsigned TPP.  All such claims are barred by the statute of frauds.  The California Court of Appeal's observation that plaintiff could plead that OneWest should be estopped from asserting the statute of frauds if plaintiff alleged she experienced a material change in position is of no consequence here because plaintiff does not allege that she changed her position in reliance on any conduct by OneWest.  The change in position envisioned by the Court of Appeal was the capitalization of arrearages under a loan modification, but plaintiff does not allege such a change in her Fourth Amended Complaint because her loan was not modified and therefore her arrearages were not capitalized.  Plaintiff's payment of trial-plan payments does not constitute a change in position because she was already contractually obligated to pay an even greater amount.  Nor can plaintiff's allegation that she forwent opportunities to pay off her loan with other funds constitute a change in position where plaintiff has not alleged the ability to have paid off the loan.  The foreclosure sale likewise does not constitute a change in plaintiff's position taken in reliance on any alleged conduct by OneWest.  The sale was not an action taken or foregone by plaintiff at all, but was the contractually agreed-to consequence of plaintiff's default.  Moreover, the foreclosure proceeding had been initiated long before plaintiff ever applied for a modification.[2]  Furthermore, even if the TPP or

---

[2] Moreover, the Court of Appeal held that even under a pleading standard far more liberal that the applicable standard in federal court, the determination as to whether

1    Modification Agreement could be construed as enforceable contracts, and they

2    cannot, the alleged agreements specifically provided that plaintiff's loan would not

3    be modified if OneWest determined she did not occupy the property as her principal

4    residence.  (*See infra*, Section I.)

5         Plaintiff cannot state any claim because she was not injured by any alleged

6    conduct of OneWest's.  Rather, the injuries plaintiff alleges resulted from her

7    admitted inability to perform under the deed of trust.  Plaintiff's loss of title to her

8    property was because of a nonjudicial foreclosure proceeding that was initiated

9    before plaintiff applied for a loan modification.  And plaintiff's trial payments do

10   not constitute an "injury" because the payments were less than what she was

11   already obligated to pay under her the deed of trust.  Plaintiff's conclusory

12   allegation that she was prevented from paying off her mortgage loan by selling her

13   property or obtaining reinstatement funds from an unspecified source is likewise

14   insufficient.  (*See infra*, Section II.)

15        Plaintiff's statutory and tort claims should also be dismissed for several

16   independent reasons.  Plaintiff's wrongful foreclosure claim must be dismissed

17   because OneWest was not obligated to modify her loan.  Furthermore, plaintiff does

18   not allege tender, which is required to maintain her procedural challenge to the

19   plaintiff sufficiently pled estoppel was a "close one."  *Chavez*, 219 Cal. App. 4th at

20   1057, 1061 (noting demurrer is inappropriate if the complaint state "any possible
     legal theory").  But to survive a motion to dismiss in federal court, plaintiff cannot

21   rest on "any possible legal theory"; she must allege sufficient facts to "raise a right

22   to relief above a speculative level."  *Bell Atl. v. Twombly*, 550 U.S. 544, 555

23   (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must "plead[] factual
     content that allows the court to draw the reasonable inference that the defendant is

24   liable for the misconduct alleged.").  "[T]hat Plaintiff's complaint was originally

25   filed in state court and that such complaint might have been sufficient under state
     law does not absolve [her] from complying with federal pleading requirements now

26   that [she] is in federal court."  *Provencio v. Armor Holdings, Inc.*, 2007 WL

27   2814650, *2 (E.D. Cal. Sept. 25, 2007) (dismissing removed complaint under Fed.
     R. Civ. P. 8 notwithstanding that it was drafted in accordance with a judicially

28   approved California form).

- 5 -                                     MEM. OF POINTS & AUTHORITIES IN
                                          SUPPORT OF MOTION TO DISMISS

1   nonjudicial foreclosure on the grounds that she allegedly did not receive a notice of

2   default or notice of sale.  Nor does she allege any facts to overcome the statutory

3   presumption of validity accorded to completed nonjudicial foreclosure proceedings.

4   (*See infra*, Section III.A.)

5        Plaintiff's claim for violation of California Civil Code Section 2924.11, a

6   provision of the Homeowner Bill of Rights ("HBOR"), must be dismissed because

7   the requirement was not in effect at the time of the events alleged in the complaint,

8   and because the statute is preempted as it applies to OneWest, a federal savings

9   bank.  (*See infra*, Section III.B.)

10       Plaintiff's negligent-misrepresentation and fraud claims must be dismissed

11  because plaintiff has not pled them with particularity as is required under Fed. R.

12  Civ. P. 9(b).  Furthermore, she has not alleged any misrepresentation or facts to

13  suggest that OneWest did anything other than deny her application following a

14  good-faith determination that plaintiff did not occupy the property.  (*See infra*,

15  Section III.C.)

16       Plaintiff's negligence claim fails because OneWest, who was acting solely in

17  its ordinary role as a mortgage servicer, did not owe plaintiff a duty of care.  (*See

18  infra*, Section III.D.)

19       Plaintiff's claims under the FDCPA and the RFDCPA must be dismissed

20  because the conclusory manner in which they are alleged deprives OneWest of fair

21  notice of the basis of the claims.  Furthermore, plaintiff cannot allege that OneWest

22  is a "debt collector" subject to the FDCPA.  (*See infra*, Section III.E.)

23       Plaintiff cannot state a claim for IIED because the denial of a request for a

24  loan modification and the exercise of a contractual right to foreclose do not

25  constitute the requisite "extreme and outrageous" conduct necessary to support an

26  IIED claim.  (*See infra*, Section III.F.)

27       Finally, plaintiff's claim under the UCL must be dismissed because plaintiff

28  has not lost any money or property as a result of OneWest's conduct, and because

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

plaintiff cannot allege that she is entitled to injunctive relief or restitution.  (*See infra*, Section III.G.1.)  Additionally, the mere exercise of a contractual right to foreclose after making a good-faith occupancy determination cannot support a UCL claim.  (*See infra*, Section III.G.2.)

Accordingly, plaintiff's Fourth Amended Complaint should be dismissed in its entirety.

**ARGUMENT**

**I.   PLAINTIFF'S CONTRACT-BASED CLAIMS SHOULD BE DISMISSED.**

    **A.   Plaintiff's Claims Are Barred By The Statute Of Frauds Because They Are Based Upon Unsigned Documents And Plaintiff Experienced No Detrimental Change In Position.**

Many of plaintiff's claims—including her claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and wrongful foreclosure—seek to enforce the alleged promise of a permanent HAMP modification, a promise plaintiff contends was contained in a TPP and/or a proposed Modification Agreement.  (*See* Compl. ¶¶52, 54-55, 61, 65, 97-100, 103-04.)  Both the TPP and the Modification Agreement are subject to California's statute of frauds, which provides that they cannot be enforced unless they were memorialized by a "writing subscribed by the party to be charged or by the party's agent."  Cal. Civ. Code § 1624; Cal. Civ. Code §§ 2922 (mortgage or deed of trust subject to statute of frauds), 1698 (agreement to modify a contract subject to statute of frauds is also subject to the statute of frauds); *Secrest v. Security Nat'l Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 552 (2008) (unsigned forbearance agreement subject to statute of frauds); *Nungaray v. Litton Loan Servicing, LP*, 200 Cal. App. 4th 1499 (2011) (HAMP trial plan subject to statute of frauds).  Because neither the TPP nor the Modification Agreement was signed by OneWest, plaintiff's claims are barred by the statute of frauds.  (Compl. ¶¶54-55, Exs. A & B.)  *See, e.g.*, *Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1503-04

(2013) (affirming sustaining of demurrer where plaintiff failed to produce a signed writing in support of alleged loan modification).

In evaluating plaintiff's claims, the California Court of Appeal acknowledged that the Modification Agreement was subject to the statute of frauds.[3]  However, that court held that plaintiff could plead that OneWest should be estopped from enforcing the statute of frauds if she could allege that she suffered a detrimental change in her position as a result of signing the Modification Agreement that would be unconscionable for plaintiff to endure if the agreement were not enforced. *Chavez*, 219 Cal. App. 4th at 1061; *see also Secrest*, 167 Cal. App. 4th at 555 (A party may be estopped from asserting the statute of frauds if the party seeking to enforce the agreement "changed position in reliance on [the agreement] to such an extent that application of the statute of frauds would result in an unjust or unconscionable loss, amounting in effect to a fraud.").  But plaintiff's revised claims must be dismissed precisely because they are based on clear allegations demonstrating that her position *did not* change.  More specifically, plaintiff's claims are based on her allegation that she paid trial payments, which were less than her contractually owed monthly mortgage payments; that she forwent opportunities to pay off the loan, which she does not allege to have had the ability to do; and that her property was the subject of a foreclosure proceeding that was not caused by the loan-modification negotiations but that was initiated before she applied for a loan modification.  (Compl. ¶¶32, 36-38, 54-55, 65, 92, 98-99.)

The California Court of Appeal characterized its application of the doctrine of equitable estoppel to a previous version of plaintiff's complaint as a "close one." *Chavez*, 219 Cal. App. 4th at 1057.  The court held that plaintiff might invoke equitable estoppel at the pleadings stage by alleging that under the Modification Agreement she "incurred additional costs in fees in excess of the amounts she had

---

[3] TPP-related claims were not raised before the California Court of Appeal.

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1  been obligated to pay under her original loan agreement or the Trial Period Plan" as

2  a result of arrearages being capitalized under the proposed modification.  *Id.* at

3  1057, 1061.  But in her Fourth Amended Complaint, plaintiff does not make the

4  allegations suggested to her by the Court of Appeal.  Nor could she, because even if

5  the capitalization of arrearages under the proposed modification might have

6  resulted in higher amounts owing over the life of the loan (which plaintiff has not

7  alleged), plaintiff would not incur the charges unless the agreement was enforced

8  despite the statute of frauds.  That is the opposite of what the doctrine of equitable

9  estoppel is supposed to protect against.

10         Instead of alleging what the Court of Appeal imagined she might, plaintiff

11  instead alleges a supposed change in position in the form of participation in a trial

12  modification and payment of monthly trial-plan payments that were less than the

13  monthly mortgage payments she was already contractually obligated to pay.

14  (Compl. ¶¶27, 50.)  Plaintiff's payment of reduced trial amounts cannot support an

15  estoppel theory because she was already obligated to make greater payments under

16  her mortgage loan, and because the mere payment of money will not prevent the

17  enforcement of the statute of frauds.  *See, e.g.*, *Secrest*, 167 Cal. App. 4th at 552

18  (mere payment of money insufficient to preclude enforcement of statute of frauds);

19  *Lopez v. Bank of Am., N.A.*, 2013 WL 4507763, *5 (Cal. Ct. App. Aug. 22, 2013)

20  (trial payments insufficient to preclude enforcement of statute of frauds); *Mulville*

21  *v. Wells Fargo Bank, N.A.*, 2012 WL 5504777, *4-5 (Cal. Ct. App. Nov. 14, 2012)

22  (payment of funds owing under contract was insufficient to defeat statute of frauds).

23  Nor does plaintiff's "completion of paperwork" represent a detrimental change in

24  position sufficient to justify ignoring the statute of frauds.  (Compl. ¶¶50-51.)  *See,*

25  *e.g.*, *Rossberg*, 219 Cal. App. 4th at 1499 (execution of modification documents

26  and submission of personal information could not constitute detrimental reliance).

27         Furthermore, plaintiff's conclusory allegation that she refrained from selling

28  her home or "otherwise obtaining funds to pay off the indebtedness" is insufficient

1   to avoid the statute of frauds.  (*Cf.* Compl. ¶¶21, 25.)  *Rossberg*, 219 Cal. App. 4th

2   at 1500.  In *Rossberg*, plaintiffs brought a fraud claim based upon defendant's

3   alleged breach of a promise to modify their loan.  *Id.*  Plaintiffs argued they had

4   sufficiently pled detrimental reliance in that they alleged they had refrained from

5   refinancing their loan or selling the property to pay off their loan.  *Id.*  The court

6   affirmed the trial court's sustaining of the demurrer on the ground that plaintiffs'

7   allegations were conclusory.  *Id.*  The court noted that plaintiffs failed to allege they

8   had sufficient equity in the property such that they would have qualified for a

9   refinance loan, and that their contention that they could have sold the property was

10  similarly unavailing because they had not alleged the value of their home, the

11  amount of their loan obligation, or that they could have sold the home for more than

12  what they owed.  *Id.*  Here, too, plaintiff cannot allege that she could have sold the

13  property for more than what she owed.  Nor has she alleged any facts to support her

14  conclusory contention that she could have obtained payoff funds during the

15  modification-negotiation process, particularly where she does not allege to have

16  attempted to submit payoff funds at any time, even after she was denied for a

17  HAMP modification.  *Cf. id.*; *see also Deschaine v. IndyMac Mortg. Servs.*, 2013

18  WL 6054456, *3-4 (E.D. Cal. Nov. 15, 2013) (conclusory allegation that plaintiff

19  would have explored other options is insufficient to show detrimental reliance).

20        In sum, plaintiff's allegations show that she is in exactly the same position

21  she would have been in had she never sought a modification.  Plaintiff was in

22  substantial default under the terms of her mortgage loan, and nonjudicial

23  foreclosure proceedings had commenced against her property before she applied for

24  a modification.  (Compl. ¶¶14, 31.)  While her application was pending, OneWest

25  temporarily forwent its contractual right to demand a full reinstatement of her

26  arrearage, and instead suspended foreclosure proceedings pending evaluation of her

27  application, thereby allowing plaintiff to remain in the property as she made

28  reduced mortgage payments.  (Compl. ¶¶27-28.)  Once OneWest determined

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

plaintiff did not qualify, the foreclosure proceeding resumed where it had left off before plaintiff applied for a HAMP modification.  (Compl. ¶¶14, 31, 38).  Accordingly, plaintiff's contract-based claims should be dismissed as barred by the statute of frauds.[4]

> **B.    Plaintiff Alleges That She Received Precisely What She Contends She Was Promised: An Offer For A Permanent Modification Contingent Upon Her Qualification Under HAMP.**

While there is a split in authority regarding whether a TPP can constitute an enforceable promise under any circumstances,[5] that debate is of no consequence here, where plaintiff alleges that she received exactly what the Ninth Circuit has construed the TPP to promise—an offer for a permanent HAMP modification.  *See Corvello v. Wells Fargo Bank, N.A.*, 728 F. 3d 878, 884-85 (9th Cir. 2013) (TPP obligated servicer to either offer a loan modification or notify borrowers that they do not qualify under HAMP).[6]  (Compl. ¶23, Ex. B.)

In *Corvello*, one of the plaintiffs entered a TPP with his servicer and fulfilled

---

[4] Plaintiff's contract-based claims should also be dismissed on the independent ground that both the TPP and the Modification Agreement, which required only that plaintiff pay amounts already owing under her contract and submit application materials to allow OneWest to underwrite her application, are unsupported by consideration.  *See, e.g.*, *Graybill v. Wells Fargo Bank, N.A.*, 953 F. Supp. 2d 1091, 1103-04 (N.D. Cal. Jun. 14, 2013) (applying for loan modification is not contractual consideration); *Neil v. Wells Fargo Bank, N.A.*, 2013 WL 4782030 (E.D. Va. Sept. 4, 2013) (reduced payments are not consideration because they were already owing under the mortgage).

[5] *Compare Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878, 884-85 (9th Cir. 2013) (TPP obligated servicer to either offer a loan modification or notify borrowers that they do not qualify under HAMP) *with DeLuca v. CitiMortgage*, --- F. App'x ---, 2013 WL 5585071 (3d Cir. Oct. 11, 2013) (TPP did not promise to modify loan).

[6] The better view is that the TPP is not an enforceable promise to offer a permanent modification at all.  *See, e.g.*, *DeLuca v. CitiMortgage*, 2013 WL 5585071 (TPP did not promise to modify loan); *see also Pennington v. HSBC Bank USA, N.A.*, 493 F. App'x 548 (5th Cir. Oct. 3, 2012) (TPP not an enforceable contract).  But, as noted above, regardless of whether the TPP constitutes an enforceable promise, here plaintiff alleges to have received what she contends she was promised.

MEM. OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

all obligations thereunder, but the servicer "never offered him a permanent modification, nor did it notify him that he did not qualify."  728 F.3d at 882.[7]  The district court dismissed the complaint, finding any promise in the TPP to offer a permanent modification was conditioned upon the servicer's sending plaintiff a signed modification agreement, which never occurred.  *Id.*  On appeal, the Ninth Circuit reversed, holding that though "there could be no actual mortgage modification until all the requirements were met" the servicer still had to send the offer.  *Id.* at 883.

Here, by contrast, plaintiff does not allege that OneWest did not respond to her application as was alleged in *Corvello*, or that OneWest did not offer her a modification without justification—she alleges that OneWest sent her a permanent modification offer that, pursuant to HAMP guidelines, was subject to OneWest's determination that she occupy the property as her principal residence.  (Compl. ¶23, Ex. B.)  Accordingly, she cannot state a claim for breach of the TPP.  *See, e.g.*, *Wright v. Chase Home Fin., LLC*, 2011 WL 4101513 (D. Ariz. Sept. 14, 2011) (dismissing breach of TPP claim where permanent modification was offered); *Lalli v. Bank of Am., N.A.*, 2014 WL 334810, *4 (D. Nev. Jan. 29, 2014) (to same effect); *Maltbie v. Bank of Am.*, 2013 WL 6078945, *3 (W.D. Mich. Nov. 19, 2013) (dismissing breach claim where permanent modification was offered).

What plaintiff actually seeks here is a judicial revision of the TPP and the Modification Agreement to remove the condition that OneWest determine she occupy the property as her principal residence before the loan could be permanently modified.  Both the Modification Agreement and the TPP required plaintiff to represent that she occupied the property as her principal residence.  (Compl. Ex. A, ¶¶1.B, 2.F., Ex. B, ¶¶1. B, 2.A.)  The TPP provided that if she did not occupy the property as her principal residence, her loan would not be modified.  (Ex. A, ¶2.F.)

---

[7] The other plaintiffs' claims were not based on a TPP or written agreement of any kind.  *Id.* at 882.

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

And the Modification Agreement made clear that a permanent modification being offered was contingent upon OneWest's determination that plaintiff resided in the property as her principal residence.  (*See* Compl. Ex. B, ¶2A (loan will not be modified if "the Lender determines" that representations, including that property was owner-occupied were not true).)  Though plaintiff alleges that she submitted documents to support her occupancy, she concedes that OneWest determined that she did not occupy the property as her principal residence.  (Compl. ¶¶36-37.)  Accordingly, plaintiff's claims must be dismissed because she cannot contend OneWest breached the TPP or the Modification Agreement.  *See, e.g.*, *Farasat v. Wells Fargo Bank, N.A.*, 913 F. Supp. 2d 197, 204 (D. Md. 2012) (dismissing HAMP-based claims because defendant's determination that plaintiff's occupancy representation was untrue was not unreasonable); *Nugent v. Fed. Home Loan Mortg. Corp.*, 2013 WL 1326425, *3 (E.D. Cal. Mar. 29, 2013) (dismissing TPP claims because defendant determined that one of plaintiffs' representations was not true).[8]

## II.  PLAINTIFF'S ALLEGED INJURIES WERE NOT THE RESULT OF ANY CONDUCT BY ONEWEST.

---

[8] Plaintiff also contends that OneWest breached the TPP and/or the Modification Agreement by requiring certified payoff funds once plaintiff had been denied for a permanent modification.  But the requirement that payoff funds be certified does not constitute a breach for at least two reasons.  First, because plaintiff had already been denied for a permanent modification, neither the TPP nor the Modification Agreement was in effect at the time.  Second, regardless of whether the TPP or Modification Agreement was in effect, both provided that the underlying mortgage documents remained in effect, and the deed of trust provides that OneWest may require post-acceleration payments to be in certified funds.   (*See generally*, Compl. Exs. A&B (providing underlying loan documents remain in effect); *see also* Oakley Decl., Ex. 1.)  For the same reason, OneWest's exercise of its contractual right to resume foreclosure proceedings with respect to the already-accelerated loan cannot constitute a breach.  (Compl. Ex. A, ¶2.B (disclosing that "any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default . . . will be necessary to continue the foreclosure action.").

Each of the causes of action alleged in the complaint requires plaintiff to plead that she was injured by OneWest's conduct.  *See, e.g.*, *Rossberg*, 219 Cal. App. 4th at 1500 (fraud); *Deschaine*, 2013 WL 6054456 (negligent misrepresentation, promissory estoppel, contract, negligence, wrongful foreclosure); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013) (UCL); *Lesley v. Ocwen Fin. Corp.*, 2013 WL 990668 (C.D. Cal. Mar. 13, 2013) (contract, implied covenant, and IIED.  Cal. Civ. Code § 2924.12(b) (HBOR); 15 U.S.C. § 1692k(a)(1) (actual damages under FDCPA); Cal. Civ. Code § 1788.30(a) (actual damages under RFDCPA).  (*See also* Compl. ¶¶116-123 (claiming right to actual damages under FDCPA and RFDCPA).)

Plaintiff's claims should be dismissed because she has not alleged that she was injured as a result of the denial of her application for a loan modification.  The foreclosure of plaintiff's property, which was initiated before she applied for a loan modification, and the out-of-pocket expenses of which she complains, were caused by plaintiff's inability to pay her mortgage loan, not by any action OneWest took in evaluating her modification application.  Moreover, the allegations in the complaint establish that plaintiff's alleged emotional distress was caused by her loss of the property through foreclosure, which was caused by her inability to make her mortgage payment.  (*Cf.* Compl. ¶¶40 (alleging loss of home and resulting emotional distress and incidental expenses as damages), 98-100 (alleging foreclosure was a breach of the implied covenant of good faith and fair dealing, which breach cause her physical and emotional "pain and suffering").)  Accordingly, neither the foreclosure, nor plaintiff's alleged emotional distress, nor her unspecified out-of-pocket expenses constitutes actionable injury.  *See, e.g.*, *Deschaine*, 2013 WL 6054456 at *4 (dismissing claims based on breach of alleged promise to modify loan because foreclosure, which was initiated before plaintiff's application, was caused by plaintiff's default, not any conduct by defendant); *Lyshorn v. J.P. Morgan Chase Bank, N.A.*, 2013 WL 5913773, *4 (N.D. Cal. Nov.

1, 2013) (dismissing claims because injury was caused by plaintiffs' inability to pay their mortgage, and not by defendant's processing of their loan modification application).

Plaintiff's reduced trial payments likewise do not constitute an actionable injury because plaintiff was already required to pay greater amounts under the terms of her deed of trust. *See, e.g.*, *Morgan v. Aurora Loan Servs., LLC*, 2013 WL 5539392, *4 (C.D. Cal. Oct. 7, 2013) (reduced trial payments could not support claims alleging promise to modify loan because plaintiff had a preexisting duty under the underlying mortgage contract to make the payments); *Lopez*, 2013 WL 4507763 at *6-7 (to same effect) (affirming dismissal with prejudice). Plaintiff's contention that she lost opportunities to cure her default by selling the home or "otherwise obtaining funds to pay off the indebtedness" similarly does not constitute actionable injury because plaintiff has not pled any facts in support of her contention. (*See supra*, Section I.A.)

## III. PLAINTIFF'S STATUTORY AND TORT-BASED CLAIMS REQUIRE DISMISSAL FOR INDEPENDENT LEGAL REASONS.

### A. Plaintiff's Completed Foreclosure, Which Is Entitled To A Statutory Presumption Of Validity, Was Not Wrongful.

Plaintiff asserts two theories in support of her wrongful foreclosure claim: (1) that OneWest breached a contract to modify her loan; and (2) that OneWest did not serve her with a notice of default or notice of sale. (Compl. ¶¶60, 66.) Plaintiff's first theory should be rejected because, as explained *supra*, Section I, there was no contractual obligation to modify plaintiff's loan.

Plaintiff's improper-notice theory should be rejected because plaintiff does not allege any facts to overcome the statutory presumption of validity accorded to completed nonjudicial foreclosures under California law. Because the recorded trustee's deed contains a recital that all statutory notice provisions had been complied with, OneWest is entitled to a rebuttable presumption that the nonjudicial foreclosure process was procedurally proper. *See, e.g.*, Cal. Civ. Code § 2924(c);

1    *Kham v. Executive Trustee Servs., LLC*, 2012 WL 967864, *9  (E.D. Cal. Mar. 21,

2    2012).  (Oakley Decl. Ex. 2.)[9]  Plaintiff's conclusory allegation that OneWest did

3    not serve the notice of default or notice of sale is insufficient to overcome this

4    presumption.  *See, e.g.*, *Kham*, 2012 WL 967864 at *9 (allegation that notices were

5    not received insufficient to overcome presumption of propriety) (dismissal with

6    prejudice); *Rodela v. Guild Mortg. Co.*, 2012 WL 169772, *7 (E.D. Cal. Jan. 19,

7    2012) (to same effect); *see also Carrasco v. HSBC Bank USA, N.A.*, 2012 WL

8    685523, *3 (N.D. Cal. Mar. 2, 2012) (same).

9           Moreover, plaintiff cannot maintain a wrongful foreclosure claim based on

10   an alleged procedural irregularity, such as the supposed non-receipt of a notice of

11   default or notice of sale, unless she tenders the loan balance.  *Rodela*, 2012 WL

12   169772 at *8 (collecting California appellate cases).  While the Court of Appeal

13   held that plaintiff would not need to allege tender if she sufficiently alleged that

14   OneWest was contractually obligated to modify her loan—which for the reasons

15   stated above, she has not—the court acknowledged that any claim based on notice

16   irregularities would be subject to the tender requirement.  *See Chavez*, 219 Cal.

17   App. 4th at 1063; *see also Rodela*, 2012 WL 169772 at *8 (dismissal with prejudice

18   where plaintiff did not allege tender); *Kham*, 2012 WL 967864 at *5 (same).

19          **B.     The California Homeowner Bill Of Rights Does Not Apply Here.**

20          Plaintiff's complaint asserts a claim for violation of California Civil Code

21   Section 2924.11, a provision of HBOR that prohibits the recording of a notice of

22   default, the recording of a notice of sale, and the conducting of a trustee's sale

23   under certain circumstances.  (Compl. ¶113.)  Section 2924.11 did not take effect

24   until January 1, 2013, and it is not retroactive.  *Robles v. OneWest Bank, FSB*, 2012

25

26   [9] The trustee's deed is the proper subject of judicial notice and may be considered
     on a motion to dismiss because it is a publicly recorded document.  *See, e.g.*,
27   *Gilliland v. Chase Home Fin., LLC*, 2014 WL 325318 (E.D. Cal. Jan 29, 2014)
     (taking judicial notice of a trustee's deed on a motion to dismiss).
28

MEM. OF POINTS & AUTHORITIES IN
                                                          SUPPORT OF MOTION TO DISMISS

WL 5193966, *5 (Cal. Ct. App. Oct. 22, 2012) ("Plaintiffs clearly have no cause of action under [HBOR]—the law does not go into effect until January 1, 2013."); *Morgan*, 2013 WL 5539392 at*6 (dismissing with prejudice HBOR claims predicated on pre-2013 conduct).

The conduct alleged here predates the effective date of HBOR by between two and three years.  The notice of default in plaintiff's foreclosure proceeding was recorded on November 3, 2009, the notice of sale was recorded on February 5, 2010, and the trustee's sale was conducted on October 15, 2010.  (Compl. ¶¶31, 38.)  Plaintiff alleges she submitted an executed TPP to OneWest on January 16, 2010 and that she submitted an executed modification agreement on June 22, 2010, which agreement she alleges was cancelled sometime before October 15, 2010.  (Compl. ¶¶20, 24, 36.)  Because plaintiff has not alleged any post-2013 conduct, her HBOR claim must be dismissed with prejudice.

Moreover, plaintiff's HBOR claim seeks to invoke a state law to regulate the conduct of OneWest, a federal savings bank, with respect to servicing mortgage loans.  Accordingly, her claim must be dismissed on the independent ground that it is preempted under the Home Owners' Loan Act, 12 U.S.C. §§ 1461 *et seq.* ("HOLA") and its implementing regulations.  *See* 12 C.F.R. § 560.2(b)(10) (laws relating to servicing of mortgages preempted); *Deschaine*, 2013 WL 6054456 at *8-*9 (HAMP-related HBOR claims preempted).

**C.    Plaintiff Cannot Maintain Her Fraud Or Negligent-Misrepresentation Claims Because The Complaint Does Not Allege Any Misrepresentation By OneWest.**

**1.    *Plaintiff Has Not Pled Her Fraud-Based Claims With Particularity.***

To plead a claim for fraud, plaintiff must allege (1) a misrepresentation; (2) OneWest's knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages.  *Lyshorn*, 2013 WL 5913773 at *3.  The elements for negligent misrepresentation are the same, except there is no requirement of intent to

1  induce reliance.  *Id.*  Plaintiff's fraud and negligent-misrepresentation claims are

2  both subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).  *See,*

3  *e.g.*, *Lyshorn*, 2013 WL 5913773 at *3 (fraud and negligent-misrepresentation

4  claims subject to Rule 9(b)); *Ferchau v. CitiMortgage, Inc.*, 2014 WL 27528, *6-7

5  (N.D. Cal. Jan. 2, 2014) (negligent-misrepresentation claim subject to 9(b)).

6  Accordingly, plaintiff must allege "the time, place, and specific content of the false

7  representations as well as the identities of the parties to the misrepresentations."

8  *Ferchau*, 2014 WL 27528 at *6-7.

9      Here, plaintiff does not allege the content of any purportedly false

10  representation, but alleges only that the "representations made by [OneWest] were

11  false," that OneWest "never intended to modify Plaintiff's loan," and that OneWest

12  "made the representations with the intent to defraud plaintiff."  (Compl. ¶¶75, 84.)

13  Plaintiff's claims are therefore insufficient, as it is not enough to allege merely that

14  a servicer did not intend to modify plaintiff's loan.  *See, e.g.*, *Lyshorn*, 2013 WL

15  5913773 at *3-*4 (fraud and negligent-misrepresentation claims based on

16  contention that defendant never intended to modify loan insufficient under Rule

17  9(b)).

18      **2.    *Good-Faith Determinations That Mortgagors Do Not Qualify***
       ***For HAMP Cannot Support Fraud Or Negligent-***
19      ***Misrepresentation Claims.***

20      Plaintiff alleges that she applied for a loan modification, and that, after

21  OneWest determined she did not occupy the property as her principal residence, her

22  loan was not permanently modified.  (Compl. ¶¶15-37.)  Plaintiff does not allege

23  OneWest ever represented to her that a loan modification was guaranteed.  In fact,

24  she alleges the opposite because the Modification Agreement expressly disclosed

25  that plaintiff's loan would not be modified in the event that OneWest determined

26  she did not occupy the property.  (*See supra*, Section I.B.)  Nor has plaintiff alleged

27  any facts which would support that OneWest made any statement it knew or should

28  have known to be false.  Rather, plaintiff's fraud and negligent-misrepresentation

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1  claims are based solely upon the denial of her modification application—a decision
2  with which plaintiff disagreed.

3      The fact that plaintiff's HAMP application was unsuccessful does not support
4  a fraud or negligent-misrepresentation claim. *See, e.g.*, *Farasat*, 913 F. Supp. 3d at
5  207 (dismissing fraud claim based on denial of HAMP application for non-
6  occupancy because plaintiff pled no facts supporting allegation that defendant acted
7  in bad faith); *see also Gilliland*, 2014 WL 325318 at *5 (dismissing HAMP-based
8  fraud claims for failure to plead sufficient facts to show fraudulent intent).

9      Plaintiff's negligent-misrepresentation claim should be dismissed for the
10  additional reason that, under California law, an alleged promise to modify a loan at
11  a future time cannot support a negligent-misrepresentation claim. *See, e.g.*, *Rubio*
12  *v. JPMorgan Chase Bank, N.A.*, 2013 WL 6529325, *4 (Cal. Ct. App. Dec. 13,
13  2013) (affirming dismissal of negligent-misrepresentation claim based on alleged
14  statement foreclosure would be postponed while plaintiff applied for HAMP
15  because a representation about future conduct cannot support a claim for negligent
16  misrepresentation); *Ventimiglia v. Wells Fargo Bank, N.A.*, 2013 WL 5719526, *2-
17  3 (E.D. Cal. Oct. 21, 2013) (promise to modify loan under HAMP was a "promise
18  regarding future events, which cannot support a claim for negligent
19  misrepresentation") (internal marks omitted).

20  **D.    Plaintiff's Negligence Claim Must Be Dismissed Because OneWest
       Did Not Owe Her A Duty Of Care.**
21

22      A loan servicer acting within the scope of its traditional role does not owe a
23  duty of care to the borrower. *Deschaine*, 2013 WL 6054456 at *6 (dismissing
24  HAMP-based negligence claims because mortgage servicer owes no duty of care to
25  borrower, even when negotiating loan modifications) (collecting cases); *see also*
26  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991)
27  ("[A]s a general rule, a financial institution owes no duty of care to a borrower
28  when the institution's involvement in the loan transaction does not exceed the scope

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1   of its conventional role as a lender of money.").

2          Here, plaintiff alleges no facts to suggest that OneWest acted beyond the

3   scope of its ordinary role as a mortgage servicer, such that it would owe her any

4   duty in tort.  Accordingly, plaintiff's negligence claim must be dismissed with

5   prejudice.  *See, e.g.*, *Starr v. OneWest Bank*, 2013 WL 5937004, *6-7 (Cal. Ct.

6   App. Nov. 6, 2013) (affirming dismissal of HAMP-based negligence claims);

7   *Mulville*, 2012 WL 5504777 at *6 (same); *Deschaine*, 2013 WL 6054456 at *6-7

8   (same); *Morgan v. U.S. Bank Nat'l Ass'n*, 2013 WL 684932, *2 (N.D. Cal. Feb. 25,

9   2013) (mortgage servicer did not owe borrower a duty of care in processing

10   payments or evaluating an application for a loan modification).[10]

11          Moreover, plaintiff has not alleged a breach of any such duty.  Plaintiff

12   contends that OneWest breached its purported duty of care by rejecting the

13   proposed Modification Agreement and subsequently returning an uncertified trial

14   payment.  (Compl. ¶92.)  But OneWest's occupancy determination was expressly

15   authorized by the TPP and the Modification Agreement, just as its demand for

16   certified reinstatement funds was authorized by the deed of trust.  (Compl. Exs. A,

17   B; Oakley Decl., Ex. A, ¶19.)

18   **E.     The Complaint Does Not Give OneWest Fair Notice Of The Basis
             Of Plaintiff's FDCPA And RFDCPA Claims, And OneWest Is Not
19           A "Debt Collector" Subject To The FDCPA.**

20          Plaintiff's FDCPA and RFDCPA claims allege nothing other than that

21   unspecified "activities and omissions" violated the FDCPA and RFDCPA.  (Compl.

22   ¶¶116-123.)  Plaintiff does not identify any specific conduct by OneWest, nor does

23   she allege how that conduct would constitute an unfair debt collection practice

24   _____

25   [10] *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872 (2013), wherein a
     California appellate court held that, under certain circumstances, a lender may owe
26   a borrower a duty of care in connection with the lender's performance under a
     construction loan does not govern the HAMP-related conduct at issue here, which,
27   courts agree, does not give rise to a duty of care.  *See, e.g.*, *Deschaine*, 2013 WL
28   6054456 at *6-7 (declining to follow *Jolley*).

- 20 -

under the FDCPA or RFDCPA.  (*See id.*)  Accordingly, plaintiff's FDCPA and RFDCPA claims should be dismissed because her conclusory allegations deprive OneWest of fair notice of the grounds upon which her claims rest.  *See Mulville*, 2012 WL 5504777 at *7 (affirming dismissal of RFDCPA claim based on failed loan modification on the ground that it contained "no non-conclusory factual content to plausibly suggest that [defendant] violated the [RFDCPA] by engaging in acts (such as harassment) prohibited by the statute"); *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1150 (E.D. Cal. 2010) (to same effect) (dismissing RFDCPA claim); *Myers v. BAC Home Loans Servicing*, 2013 WL 6231715, *9 (D. Mont. Dec. 2, 2013) (to same effect) (dismissing FDPCA claim); Fed. R. Civ. P. 8.

Even if the basis for plaintiff's FDCPA and RFDCPA claims was apparent, plaintiff's FDCPA claim would fail nevertheless because the Act applies only to "debt collectors," as defined by the statute, of which OneWest is not one here.  *See* 15 U.S.C. § 1692f (prohibiting unfair collection practices by "debt collectors"). The FDCPA excludes from the definition of "debt collector" any person attempting to collect a debt "which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F)(iii).  Thus absent an allegation that her loan was in default when OneWest began servicing it, plaintiff has not alleged that OneWest is a debt collector subject to the FDCPA.  *See, e.g.*, *Daniels v. ComUnity Lending, Inc.*, 2014 WL 51275, *4 (S.D. Cal. Jan. 6, 2014) (dismissing FDCPA claim where complaint "fail[ed] to allege that any Defendant acquired Plaintiffs' loan after Plaintiffs were in default"); *Park v. Wells Fargo Bank Home Mortg.*, 2012 WL 628615, *2 (S.D. Cal. Feb. 24, 2012) (to same effect); *see also Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, **6 (2d Cir. 2012) (to same effect) (affirming dismissal); *Banny v. OneWest Bank, FSB*, 2013 WL 796787, *2 (S.D. Miss. Mar. 4, 2013) (conclusory allegation that OneWest was a "debt collector" insufficient to sustain an FDCPA claim).  Moreover, plaintiff cannot amend her complaint to cure this defect because she alleges to have defaulted on her loan in

June 2009 (Compl. ¶14), and OneWest acquired servicing rights to loans formerly served by IndyMac Bank, FSB three months earlier, in March 2009.  *See* FDIC, IndyMac Failed Bank Information.[11]

**F.   OneWest Did Not Engage In Any Outrageous Conduct That Could Support An IIED Claim.**

To state a claim for intentional infliction of emotional distress, plaintiff must allege that (1) OneWest engaged in outrageous conduct with the intent to cause, or a reckless disregard of the likelihood of causing, emotional distress; (2) plaintiff suffered severe emotional distress; and (3) the distress was caused by OneWest's conduct.  *See, e.g.*, *Starr*, 2013 WL 5937004 at *7.  To support an IIED claim, the alleged conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society" and the emotional distress must be "of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it."  *Id.* (internal marks omitted).

The sole basis of plaintiff's IIED claim here is that OneWest denied her application for a loan modification and exercised its contractual rights under the deed of trust to foreclose upon her property.  (Compl. ¶¶124-127.)  But the mere exercise of a contractual right to foreclose cannot support an IIED claim.  *Id.* at *8 (affirming dismissal of IIED claim based on failed HAMP application); *see also Lesley*, 2013 WL 990668 at *11 (to same effect); *Nugent*, 2013 WL 1326425 at *10 (foreclosing under mortgage does not constitute extreme outrageous conduct).

Additionally, in support of her allegation of "substantial" emotional distress, plaintiff contends she experienced "great mental, physical and nervous pain and suffering."  (Compl. ¶¶100, 126.)  Such conclusory allegations "do not measure up to the 'high bar' required to plead a cause of action for intentional infliction of

---

[11] *Available at* http://www.fdic.gov/bank/individual/failed/IndyMac.html.  *See also Mobine v. OneWest Bank, FSB*, 2012 WL 243351, *2 (S.D. Cal. Jan. 24, 2012) (taking judicial notice of OneWest-FDIC purchase and granting motion to dismiss).

emotional distress." *Starr*, 2013 WL 5937004 at \*7; *see also Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1027-28 (N.D. Cal. 2006) (allegation that plaintiffs had been "damaged emotionally," "suffered pain," and have "suffered emotional distress of anxiety and insomnia and depression" and had suffered damage to their health and employment opportunities failed to allege "emotional distress of the requisite severity" to survive dismissal).

### G.   Plaintiff Cannot Maintain A UCL Claim.

#### 1.   *Plaintiff Has Not Lost Money Or Property As A Result Of Any Alleged Conduct By OneWest.*

To maintain a UCL claim, a plaintiff must have "lost money or property" as a result of the alleged unfair competition. *See* Cal. Bus. & Prof. Code § 17204; *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 853-54, 857-58 (2008) (affirming judgment on the pleadings and grant of demurrer when plaintiff could not allege that defendant's actions caused plaintiff's purported loss). Here, as explained *supra*, plaintiff cannot contend that she lost money or property as a result of any conduct by OneWest, as all losses plaintiff alleges to have suffered resulted from her admitted default on her mortgage, which predated the modification application process she challenges here. *See, e.g.*, *Jenkins*, 216 Cal. App. 4th at 523 (foreclosure of property could not confer UCL standing because loss was caused by plaintiff's default, which predated the allegedly unfair conduct). (*See supra*, Section II.) Accordingly, plaintiff lacks standing to assert a UCL claim.[12]

---

[12] Plaintiff cannot recover under the UCL for the additional, though related, reason that she does not seek injunctive relief and does not allege to have suffered any loss that is compensable by way of restitution. *See* Cal. Bus. & Prof. Code § 17203; *Zhang v. Super. Court*, 57 Cal. 4th 364, 371 (2013) ("Prevailing plaintiffs are generally limited to injunctive relief and restitution. Plaintiffs may not receive damages or attorney fees.") (internal marks omitted). Specifically, plaintiff cannot recover through restitution the trial plan payments she made because the amounts were independently owed under her mortgage contract. (*Cf.* Compl. ¶¶106-111.) Accordingly, plaintiff's UCL claim must be dismissed. *See Starr*, 2013 WL

### 2.   *Plaintiff Cannot Maintain A UCL "Unfair" Claim.*

Plaintiff cannot maintain a claim under the UCL's "unfair" prong because, as explained above, plaintiff cannot allege that the denial of her application for a permanent HAMP modification was anything other than the result of a good-faith determination that the subject property was not plaintiff's principal residence. *See, e.g.*, *Lyshorn*, 2013 WL 5913773 at *4 (dismissing UCL claim for failure to allege facts to show defendant engaged in unfair conduct by denying modification application); *Lesley*, 2013 WL 990668 at *7 (to same effect).

To the extent plaintiff's unfairness claim is based upon the foreclosure of her property, dismissal is appropriate for the additional reason that OneWest's exercise of its contractual right to foreclose under the deed of trust cannot support an unfairness claim. *See, e.g.*, *Samura v. Kaiser Found. Health Plan, Inc.*, 17 Cal. App. 4th 1284, 1299, n.6 (1993) (courts do not use the UCL as a vehicle to review the fairness of contracts); *Khan v. CitiMortgage, Inc.*, --- F. Supp. 2d ---, 2013 WL 5486777, *12-13 (E.D. Cal. Sept. 30, 2013) (dismissing with prejudice UCL "unfair" claim challenging foreclosure sale following alleged oral promise for a loan modification in part because the sale was authorized under the deed of trust). Moreover, a mere alleged breach of contract cannot support an "unfairness" claim under the UCL. *See, e.g.*, *Adams v. JP Morgan Chase Bank, N.A.*, 2013 WL 6668792, *7 (Cal. Ct. App. Dec. 18, 2013) (affirming dismissal with prejudice of UCL unfair and fraudulent claims that merely incorporated by reference claim for breach of oral contract to modify a mortgage loan).

Furthermore, plaintiff cannot state a UCL "unfair" claim because she has not suffered any injury that could not have been avoided had she made timely payments

---

5937004 at *10 (affirming dismissal with prejudice of HAMP-based UCL claim because plaintiffs could not allege facts to support entitlement to injunctive relief or restitution); *see also Serna v. Bank of Am., N.A.*, 2012 WL 2030705, *5 (C.D. Cal. Jun. 4, 2012) (reduced trial payments and legal fees insufficient to support right to relief under the UCL).

MEM. OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1  under her mortgage contract. *Lesley*, 2013 WL 990668 at *7 (dismissing claim).[13]

2  **3.  *Plaintiff Cannot Maintain A UCL "Unlawful" Claim Because Her Predicate Claims Fail.***

3

4  Because, as explained above, plaintiff's predicate claims must be dismissed,

5  so too must her UCL "unlawful" claim.  The "unlawful" prong of the UCL

6  "borrows" violations of other laws and treats them as unlawful business practices

7  "independently actionable under 17200." *Farmers Ins. Exch. v. Super. Court*, 2

8  Cal. 4th 377, 383 (1992).  As an initial matter, even if plaintiff's contract claims

9  were viable (and they are not), they could not support a UCL "unlawful" claim

10 because a breach of contract is not an "unlawful" act under the UCL.  *See, e.g.*,

11 *Lesley*, 2013 WL 990668 at *5 (dismissing with prejudice UCL claim predicated on

12 breach of contract).  Because the remainder of her claims must be dismissed for the

13 reasons set forth herein, plaintiff cannot support a claim under the UCL's

14 "unlawful" prong. *See Gilliland*, 2014 WL 325318 at *8 (dismissing HAMP-based

15 UCL unlawful claim because predicate actions were dismissed); *Morgan*, 2013 WL

16 5539392 at *7.

17 <u>CONCLUSION</u>

18 For the reasons set forth above, OneWest respectfully request that this court

19 dismiss plaintiff's complaint in its entirety.

20 Dated:  February 14, 2014                    ELIZABETH L. MCKEEN
                                              DANIELLE N. OAKLEY
21                                            ASHLEY M. PAVEL
                                              O'MELVENY & MYERS LLP
22

23                                            By:  ____/s/ Danielle N. Oakley____
                                                       Danielle N. Oakley
24                                            Attorneys for Defendant
                                              ONEWEST BANK, FSB
25

26

27

28

---

[13] Plaintiff has not brought a claim under the UCL's "fraud" prong.

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3      I certify that on February 14, 2014, I electronically filed the foregoing

4   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

5   DEFENDANT ONEWEST BANK, FSB'S MOTION TO DISMISS PURSUANT

6   TO FED. R. CIV. P. 12(b)(6), 9(b), and 8 with the Clerk of the Court using the

7   CM/ECF system and served a copy via the CM/ECF system upon the following:

8

9   Frank De Santis, Esq.
    Valorie E. Ryan, Esq.

10  Law Offices of Frank De Santis
    298 Third Avenue

11  Chula Vista, CA  91910

12
    law@desantislawcenter.com
13  valorie@desantislawcenter.com

14

15                                              /s/ Danielle N. Oakley
                                                Danielle N. Oakley
16

17

18

19

20

21

22

23

24

25

26

27

28